IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs July 15, 2025

## STATE OF TENNESSEE v. ROBERT LEE REAM

**Appeal from the Circuit Court for Lawrence County**
**No. 37551     Julie Carrell Heffington, Judge**

_____

### No. M2024-01301-CCA-R3-CD

_____

The defendant, Robert Lee Ream, pleaded guilty to two counts of arson, and the trial court imposed an effective sentence of four years' incarceration in the Tennessee Department of Correction. The trial court also ordered the defendant to pay $75,000 in restitution. On appeal, the defendant argues the trial court erred in ordering restitution. Upon our review, we conclude that the defendant has failed to prepare a sufficient brief in compliance with Tennessee Rule of Appellate Procedure 27(a), and therefore, his issue is waived. Accordingly, we affirm the judgments of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgments of the Circuit Court Affirmed**

J. ROSS DYER, J., delivered the opinion of the court, in which ROBERT W. WEDEMEYER, J., and CAMILLE R. MCMULLEN, P.J., joined.

Ben Bush, Summertown, Tennessee, for the appellant, Robert Lee Ream.

Jonathan Skrmetti, Attorney General and Reporter; Ryan Dugan, Assistant Attorney General; Brent Cooper, District Attorney General; and Christi Thompson-Cook, Assistant District Attorney General, for the appellee, State of Tennessee.

### OPINION

### *Facts and Procedural History*

On July 18, 2024, the defendant pleaded guilty to two counts of arson stemming from the defendant's destruction of his grandfather's trailer. Pursuant to the plea

agreement, the defendant agreed to an effective four-year sentence in confinement, with restitution to be determined by the trial court at a later hearing.[1]

At the restitution hearing, James Brown, the defendant's grandfather, testified that the defendant set fire to Mr. Brown's "three bedroom, two bath double wide trailer" on June 28, 2023. Although Mr. Brown was not using the trailer as his permanent residence, he stayed there "two to three nights a week to make sure nobody was coming on the property." This included the defendant, who "was not supposed to be on the property at all."

Mr. Brown testified that the trailer, which he purchased for $40,000 in 1994, was brand new at the time he acquired it. According to Mr. Brown, at the time of its destruction, the trailer was fully furnished and still in livable condition. Mr. Brown stated that he went to "the trailer place" and received an estimate of $128,000 to replace his trailer with a new, but similar model. After the fire, Mr. Brown's insurance company deemed the trailer a total loss, and he received an insurance payout of "around $26,000." Mr. Brown could not recall what his deductible was but believed it was either $500 or $1,000. Excluding the insurance payment, Mr. Brown estimated that his total financial losses were "at least $100,000."

Mr. Brown testified that, a month before the arson, the defendant was staying at the Hope House and had a job at a sawmill. Additionally, approximately four or five years ago, the defendant lived in Michigan and worked at a factory where the defendant told Mr. Brown "he was making pretty good money." However, in the last four years, Mr. Brown had not known the defendant to have a job, other than the job at the sawmill, due to the defendant's problems with drugs. Additionally, Mr. Brown also noted that the defendant lived with his mother and brother in Mr. Brown's trailer for free prior to being banned from the property.

On cross-examination, Mr. Brown agreed that the estimate he received was for a brand-new trailer and not a 1994 trailer. Mr. Brown stated that he did not receive an estimate for a 1994 trailer because he was "not going to put a '94 trailer on [his land]." He argued that he "should not be out all this because somebody come and do that kind of damage to me." Mr. Brown agreed that the defendant never specified how much he earned at his job in Michigan.

In setting restitution, the trial court articulated its reasoning, as follows:

---

[1] The transcript of the guilty plea hearing is not included in the record.

Based on the testimony from Mr. Brown and the record as a whole, the [c]ourt finds that [the defendant] should be responsible for some amount of restitution. Based on Mr. Brown's testimony, he purchased the three bedroom, two bath double wide trailer in 1994 for approximately $40,000. Mr. Brown testified that the replacement value of a particular, or like, model trailer would be approximately $128,000. Mr. Brown also testified that insurance paid him, I think at one point he said $26,000, and then maybe it was $28,000, somewhere in the ballpark of $26,000 to $28,000 Mr. Brown received in insurance proceeds and somewhere between $500 and $1,000 deductible.

The [c]ourt finds that Mr. Brown's trailer, as it sat on June 28, 2023, was – had decreased in value since he purchased it in 1994, and is not inclined to allow Mr. Brown replacement value at $128,000, which is not technically what Mr. Brown is asking for. He's asking for $100,000. The [c]ourt is going to take into consideration some depreciation of the trailer and will award Mr. Brown $75,000 restitution. The [c]ourt is going to impose a restitution to be paid within a year of [the defendant's] discharge from TDOC. Actually, the $75,000 will be paid within two years of his discharge from TDOC.

### *Analysis*

On appeal, the defendant contends the trial court erred in ordering restitution. Specifically, the defendant contends the restitution amount of $75,000 is excessive, the trial court erred in ordering the defendant to pay restitution in a lump sum, and the trial court erred in ordering the restitution to be paid in a period of time exceeding his sentence. The State contends the defendant has waived consideration of his issues for failing to comply with Tennessee Rule of Appellate Procedure Rule 27(a). We agree with the State.

Tennessee Rule of Appellate Procedure 27(a) provides that a defendant's brief shall contain, among other requirements, under appropriate headings and in the order here indicated:

(1)    A table of contents, with references to the pages in the brief;

(2)    A table of authorities, including cases (alphabetically arranged), statutes and other authorities cited, with references to the pages in the brief where they are cited;

(4)    A state of the issues presented for review;

(5)     A statement of the case, indicating briefly the nature of the case, the course of proceedings, and its disposition in the court below

(6)     A statement of facts, setting forth the facts relevant to the issues presented for review with appropriate references to the record;

(7)     an argument, which may be preceded by a summary of argument, setting forth:

(A)     the contentions of the appellant with respect to the issues presented, and the reasons therefor, including the reasons why the contentions require appellate relief, with citations to the authorities and appropriate references to the record (which may be quoted verbatim) relied on[.]

Tenn. R. App. P. 27(a)(1), (2), (4), (5), (6), (7)(A).  When a defendant fails to prepare a sufficient brief in compliance with the Rules of Appellate Procedure, the issue is waived. *Hodge v. Craig*, 382 S.W.3d 325, 335 (Tenn. 2012); *see also Berry v. State*, 366 S.W.3d 160, 169 (Tenn. Crim. App. 2011); *State v. Shannon*, No. W2024-00174-CCA-R3-CD, 2025 WL 432835, at *3 (Tenn. Crim. App. Feb. 7, 2025), *no perm. app. filed*; *Bledsoe v. State*, No. W2023-00361-CCA-R3-PC, 2024 WL 127028, at *5 (Tenn. Crim. App. Dec. 19, 2023), *no perm. app. filed*; *State v. Cunningham*, No. M2023-00909-CCA-R3-CD, 2024 WL 3634259, at *2 (Tenn. Crim. App. Aug. 2, 2024), *no perm. app. filed*.

Here, we initially note that the defendant failed to include a statement of facts entirely.  Moreover, he did not place the statement of the case and the statement of the issues in the correct order, as required by statute.  While the defendant cites law in his argument section related to the standard of review for restitution, he fails to make any arguments as to how the cited law applies to the facts of his case.  Instead, the defendant uses conclusory phrases such as "[t]he law is clear" without any citations to authorities to support his assertions.  Additionally, included in the defendant's statement of the issues is a claim that the trial court erred in ordering the defendant to pay restitution as a lump sum.  However, this issue is not included in the argument section of his brief.  "Issues which are not supported by argument, citation to authorities, or appropriate references to the record will be treated as waived in this court."  Tenn. Crim. App. R. 10(b); *see also* Tenn. R. App. P. 27(a)(7).  Finally, while the State argued waiver in its brief, the defendant did not file a reply brief to rectify the inadequacies of his initial brief.  Accordingly, the defendant's argument has been waived, and he is not entitled to relief.

- 4 -

*Conclusion*

Based on the foregoing authorities and reasoning, we affirm the judgments of the trial court.

s/ J. ROSS DYER _____
J. ROSS DYER, JUDGE